```
         UNITED STATES DISTRICT COURT
     FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


GEORGE JOSEPH,                  :    CIVIL NO. 4:06-CV-01999
                                :
          Plaintiff             :    (Judge McClure)
                                :
     v.                         :    (Magistrate Judge Smyser)
                                :
DR. TODD HASKINS, DR. SPRAGUE,  :
and PRIME CARE MEDICAL,         :
                                :
          Defendants            :
```

## REPORT AND RECOMMENDATION

On October 6, 2006, the plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint.

The complaint named as defendants: 1) Dr. Todd Haskins, the Medical Director at the Monroe County Correctional Facility (MCCF); 2) Dr. Sprague, a physician at the MCCF; 3) Jen Birtch, a physician's assistant at the MCCF; 4) Wendy Johnson, a nurse

administrator at the MCCF; 5) Prime Care Medical; and 6) David Keenhold, the Warden of the MCCF.

The plaintiff alleges the following facts in his complaint. The plaintiff arrived at the MCCF on July 25, 2006 from a prison in the state of New York. The plaintiff arrived at the MCCF with a variety of medical problems and with a variety of medications. Before leaving New York, the plaintiff had been scheduled for a minor operation on his wrist for nerve damage and for a colonoscopy.

Upon arriving at the MCCF, the plaintiff informed defendant Birtch about the procedures he had been scheduled for and the medications he was taking. Defendant Birtch told the plaintiff that the procedures that had been scheduled for the plaintiff in New York would not been done at the MCCF. Defendant Birtch also told the plaintiff that if the prison does not carry some of his medications the prescriptions for those medications would not be refilled. Defendant Birtch told the plaintiff that she was going to schedule him to see Dr.

2

Sprague and that she would let Dr. Sprague deal with the matter because she did not want to bother with it.  According to the plaintiff, defendant Birtch displayed an impatient attitude throughout her interview of him.

The plaintiff saw defendant Sprague.  Defendant Sprague told the plaintiff that he wasn't going to schedule him for the operation or colonoscopy but that he wants to wait until he receives the plaintiff's medical records from his previous facility.  The plaintiff requested and received his medical records from the New York prison.  The plaintiff provided his medical records to defendant Sprague and showed him that he was scheduled for wrist surgery and a colonoscopy.  After reviewing the records, defendant Sprague told the plaintiff that due to the Prime Care personnel that he works under he is not allowed to schedule those kinds of procedures.  Defendant Sprague also told the plaintiff that he would not be getting refills on some of his medications.

3

The plaintiff alleges that he has Crohn's disease and that he needs to take certain medications to control his chronic disease.  He alleges that because of the many bowel movements he has he loses a lot of minerals and he needs a multi vitamin with minerals.  He alleges that instead of providing him with a multi vitamin with minerals, defendant Sprague has provided him with a regular multi vitamin, an iron pill and anti-acid tablets for calcium.

The plaintiff alleges that defendant Johnson has been negligent by instigating the doctor to discontinue his pain medication and that defendant Johnson has recklessly caused him pain and suffering.  The plaintiff alleges that defendant Haskins has been negligent by ignoring his written requests to see him concerning this matter.  The plaintiff alleges that defendants Sprague and Birtch have been negligent based on the above described actions by them.  The plaintiff alleges that defendant Prime Care Medical has been negligent by hiring inaccurate medical staff, by ordering staff to limit medical treatment for prisoners, and by jeopardizing his health and

4

safety.  The plaintiff alleges that defendant Keenhold has been negligent because he has a duty to make sure that the MCCF including the medical department is running properly and because due to the complaints submitted by the plaintiff an investigation should have been conducted.

As relief, the plaintiff is seeking monetary damages.

By an Order dated November 1, 2006, Judge McClure dismissed the plaintiff's claims against defendants Birtch, Johnson and Keenhold for failure to state a claim upon which relief can be granted.

On December 15, 2006, the remaining defendants - defendants Haskins, Sprague and Prime Care Medical - filed an answer to the complaint.

On July 17, 2007, the defendants filed a motion for summary judgment and a brief and documents in support of that motion.  By an Order dated July 31, 2007, the defendants were

5

ordered to file, within ten days, a statement of material facts in accordance with Local Rule 56.1.  The plaintiff was ordered to filed a response to the statement of material facts, a brief in opposition to the motion for summary judgment and any summary judgment evidence in opposition to the motion within fifteen days after service of the defendants' statement of material facts.

On August 1, 2007, the defendants filed a statement of material facts.  Also on August 1, 2007, the plaintiff filed a response to the defendants' motion for summary judgment.  The plaintiff's response did not address the merits of the defendants' motion for summary judgment. Rather, the plaintiff's response requested that the court dismiss the motion for summary judgment and order the defendants to proceed with a "deposition hearing."  The plaintiff subsequently requested and received an extension of time to respond to the defendants' motion for summary judgment.  The plaintiff was ordered to file, on or before October 4, 2007, a response to the defendants' statement of material facts, a brief in

opposition to the motion for summary judgment and any summary judgment evidence in opposition to the motion.

The plaintiff has not filed a response to the defendants' statement of material facts, a brief in opposition to the motion for summary judgment or any summary judgment evidence in opposition to the motion.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence

of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing law. *Anderson*, *supra*, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322.  "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

The plaintiff has had adequate time and opportunity to conduct discovery in this case.  Some summary judgment evidence, such as a party's own affidavit and the affidavits of persons available to the party without resort to subpoenas, does not require discovery.  Still, the plaintiff has not presented any summary judgment evidence in support of his claims and in opposition to the defendants' motion for summary

9

judgment.  Therefore, we will recommend that the defendants' motion for summary judgment be granted.

Based on the foregoing, it is recommended that the defendants' motion (doc. 28) for summary judgment be granted and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  November 13, 2007.

10